Hayes *v.* Baxter.

———:———♦———————

## CHARLES P. HAYES and others *vs.* GEORGE BAXTER and others.

The defendants were partners, and were indebted to the plaintiffs. B., one of the partners, was also indebted to the plaintiffs, on his individual account, and to pay the same gave the plaintiffs a note, signed with the name of the firm, but without the knowledge or consent of the other members. The plaintiff procured the note to be discounted, at a bank; and the same not being paid, at maturity, it was charged to them, by the bank, and was paid by the defendants, and credited to B. instead of the firm. The defendants claimed that the note should have been credited to their firm, instead of B.

*Held*, 1. That to deprive the defendants of the right to be credited with the note, it was necessary to show that they had ratified the acts of B. in making the same, and delivering it in payment of his own debt.

2. That although the defendants knew of the existence of the note, before it was paid, that knowledge did not apprise them that it had been given by B. in fraud of his associates.

3. That payment of the note, by the defendants, being the only act of ratification, on their part, that was of no significance, unless they knew, at the time, of the improper use that had been made of the note.

4. That until such knowledge was brought home to them, payment was not a ratification of the delivery of the note to the plaintiffs in payment of B.'s individual debt.

APPEAL, by the defendants, from a judgment entered upon the report of a referee.

*By the Court*; MULLIN, P. J.   There is but a single question in this case, and that is whether a note for $200, made by the defendants to the plaintiffs' order, at two months, should be credited to the defendants.

The facts are briefly as follows: The plaintiffs were merchants, doing business at Forestport, N. Y.   George Baxter was engaged in the lumbering business at the same place, and they had dealings together.   Baxter ceased business, and the firm of Baxter, Smith & Brayton, of whom George Baxter was one, succeeded him, and they had dealings with the plaintiff; and at the time of giving the note hereinafter referred to, they were indebted to the plaintiffs.

George Baxter, in January, 1868, was indebted to the plaintiffs, and they applied to Henry Baxter, the brother and agent of George, for payment on the indebtedness. At that time the copartnership of Baxter, Smith & Brayton had been formed, and was doing business.   Henry Baxter was in the employ of the firm, and drew a note for $200, signed to it the name of the firm, and gave it to the plaintiffs to apply on the indebtedness of George Baxter to them.

This note was made without the knowledge or consent of Smith & Brayton, the other members of said firm.

After a time an agent of the firm examined the plaintiffs' books, and found the note of the firm credited to George Baxter.   On being informed of it, Smith & Brayton insisted that it should be credited to the firm, and not to George Baxter.   The plaintiffs procured the note to be discounted, and not being paid at maturity it was charged to them by the bank that had discounted it, and

it was afterward paid by the defendants, but when does not appear.

The referee to whom the issues were referred, disallowed the $200 note as payment by the defendants, but did allow it as a payment by George Baxter, on the grounds that the payment of the note was a ratification of the giving of the note, and its credit to Baxter could not be recalled.

In order to be able to pass upon the question of ratification, a few more facts must be stated.

When the plaintiffs opened the account on the books with the defendants, they charged them with the amount due from George Baxter, and credited them with the amount paid by him, and among other items was the $200 note. The defendants' account commenced 15th of January, 1868, and at this time the plaintiffs' books showed an indebtedness due from the defendants of over $500. An agent of the defendants, on discovery that Baxter's account was carried into theirs, objected to it, and insisted a new account should be opened, as of the last mentioned date. The note did not become due until the middle of March.

The defendants' agent did not learn of the note until the latter part of April, 1868, and it was subsequent to this, if I understand the referee's finding, that it was paid by the plaintiff.

To deprive the defendants of the right to be credited with this note, two distinct and independent acts of the agent Henry Baxter must be found to be ratified by Smith and Brayton, with full knowledge of all the facts relating to the said note: 1st. The making; and, 2d. The delivery in payment of George Baxter's indebtedness.

There can be no doubt but that they ratified the making of the note. Did they ratify the use that was made of it, after being made?

The right to make the note is not called in question. It was as valid as if made by George Baxter himself.

Hayes *v.* Baxter.

The unauthorized and wrongful act was the application of it in payment of George's debt. That act has never been ratified, after it came to the defendants' knowledge that such use had been made of it.

From the manner in which the plaintiffs' books were kept, (and the defendants trusted to them, as their own were not correct,) the defendants were shown to be in debt to the plaintiffs, and for such debt it was proper to give the company's note. Information that the plaintiffs held a note for $200, did not apprise them that it had been given by one of the firm in fraud of his associates. As the payment is the only act of ratification, it is of no significance unless at that time the defendants knew of the improper use that had been made of the note. That the defendants did know of its improper use, is not found, and cannot be inferred from the evidence. And until that fact is brought home to them, payment of the note was not a ratification of the delivery of the note to the plaintiffs in payment of Baxter's individual debt.

The judgment should be reversed and a new trial granted, costs to abide the event.

[FOURTH DEPARTMENT, GENERAL TERM, at Rochester, April 1, 1873. *Mullin, Talcott* and *E. D. Smith,* Justices.]